THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>MARAT TIMURSHIN<br><br>Debtor. | CASE NO. C17-1189-JCC<br><br>Bankruptcy Case No: 17-12798<br><br>ORDER ON APPEAL |
| MARAT TIMURSHIN,<br><br>Appellant,<br><br>v.<br><br>NATALIA SMAGINA,<br><br>Appellee | |

This matter comes before the Court on Appellant's opening brief (Dkt. No. 7), Appellee's response brief (Dkt. No. 9), and Appellant's reply brief (Dkt. No. 12). After review of the briefs, and the designated record on appeal (Dkt. No. 10)[1], the Court finds oral argument unnecessary

---

[1] The Court previously determined Appellant designated an incomplete record on appeal because he failed to include transcripts of relevant proceedings in the Bankruptcy Court. The Court ordered Appellant to supplement the record with the transcripts (Dkt. No. 11) which can be found under Docket Number 16.

ORDER ON APPEAL
C17-1189-JCC
PAGE - 1

and hereby AFFIRMS the Bankruptcy Court's order denying Appellant's motion for extension of the automatic stay and order denying Appellant's motion for reconsideration.

## I. BACKGROUND

Appellant Marat Timurshin appeals Bankruptcy Judge Christopher Alston's orders denying his motion to extend the automatic stay and denying his motion for reconsideration on the same issue. (Dkt. No. 7 at 3.) Appellant filed his first Chapter 13 bankruptcy case ("Case I") in August 2016. (*Id.* at 4.) On May 4, 2017, Bankruptcy Judge Timothy Dore dismissed Appellant's case. (Dkt. No. 16 at 10–12.) Appellant filed this Chapter 13 case ("Case II") 49 days later. (Dkt. No. 7 at 5.) Appellant simultaneously filed a motion to extend the automatic stay, which would otherwise lapse 30 days from the filing date of Case II. (*Id.*) Appellee, Natalia Smagina, objected to Appellant's motion to extend the automatic stay. (Dkt. No. 10-6.)

After a hearing, Judge Alston denied Appellant's motion to extend the automatic stay. (Dkt. No. 10-8.) Judge Alston applied a statutory presumption that Case II was not filed in good faith, and concluded Appellant failed to meet his burden to overcome the presumption. (*Id.*) Appellant subsequently filed a motion for reconsideration, which Judge Alston denied. (Dkt. No. 10-10.) Appellant timely appealed both of Judge Alston's orders to this Court.

## II. DISCUSSION

### A. Standard of Review

This Court may review the Bankruptcy Court's decision. 28 U.S.C. § 158(a)(1). The Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016). The Bankruptcy Court's denial of a motion for reconsideration is reviewed for abuse of discretion. *In re Weiner*, 161 F.3d 1216, 1217 (9th Cir. 1998) (citation omitted).

Appellant presents five issues on appeal (Dkt. No. 7 at 3); however, the Court perceives two overarching questions. First, whether Judge Alston erred by concluding Appellant failed to demonstrate Case II was filed in good faith. Second, whether Judge Alston erred by denying

Appellant's motion for reconsideration. The Court addresses these issues in turn.

**B.     Order Denying Motion to Extend Automatic Stay**

In general, when a debtor files a bankruptcy petition it "operates as a stay, applicable to all entities" for the enforcement, collection, or other disposition of the debtor's assets during the pendency of the bankruptcy case. *See* 11 U.S.C. § 362(a)–(c). But when a debtor commences a second bankruptcy case within a year of a prior case being dismissed, the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case . . . ." § 362(c)(3)(A). The Bankruptcy Court can extend the stay "after notice and a hearing completed before the expiration of the 30-day period [and] only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." § 362(c)(3)(B). A debtor ordinarily has the burden to prove by a preponderance of the evidence that the second case was filed in good faith. *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D.Cal. 2006).

That said, the statute establishes three situations in which a bankruptcy case is presumptively filed not in good faith. § 362(c)(3)(C)(i)(I)–(III). At issue in this case is the third situation, which dictates that a case is presumptively filed not in good faith as to all creditors if:

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—
>
> (aa) if a case under chapter 7, with a discharge; or
>
> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed

§ 362(c)(3)(C)(i). The debtor must rebut the statutory presumption "by clear and convincing evidence to the contrary." § 362(c)(3)(C).

### 1. The Presumption Under § 362(c)(3)(C)(i)(III)

Appellant filed Case II 49 days after Case I was dismissed. (Dkt. No. 10-4 at 1.) Appellant simultaneously filed a motion to extend the automatic stay, which would otherwise have expired after 30 days. (*Id.*) At the hearing on Appellant's motion, Judge Alston stated the

following:

> The stay can be granted only if the debtors show that the second case was filed in good faith with respect to the creditors to be stayed, and the filing is presumptively not in good faith if there's not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case. That's 362(c)(3)(C)(i)(III).

(Dkt. No. 16 at 4.) Judge Alston pointed to evidence that demonstrated the statutory presumption applied because there had not been a substantial change in Appellant's financial position since the dismissal of Case I. Judge Alston noted:

> I mean, here we actually have an admission that the financial situation of the debtor really has not changed. The only change I perceive, which was confirmed, is that the debtor is now willing to surrender a vehicle to help make a plan more feasible, but that's something he could have done in the prior case.

(*Id*. at 4–5.) Judge Alston was referring to a declaration from Appellant's motion to extend the automatic stay in which he stated:

> My financial situation has not improved since filing of my 2016 case. I still cannot afford to make payments required by the Decree of Dissolution; therefore, I am filing this current case to reorganize my debts, repay priority claims and partially non-priority unsecured claims through the plan, and to stop Ms. Smagina's continuous attempts to put me in jail and to make my financial situation even worse.

(Dkt. No. 10-4 at 6.) Judge Alston's finding that Appellant's declaration triggered the statutory presumption was not erroneous because it represents an admission that there had not been a substantial change in Appellant's financial affairs since the dismissal of Case I. Moreover, Judge Alston was not convinced by the evidence Appellant offered to demonstrate his financial affairs had substantially changed. (Dkt. No. 7 at 11.)

Appellant asserted that the surrender of his Tesla vehicle would lower his monthly expenses by approximately $920 a month. (*Id.*) However, that savings was essentially negated by a decrease in Appellant's total gross monthly income from $8,100 to $7,246. (*Id.*) Faced with this apparent offset between income and expenses, Judge Alston appropriately concluded the surrender of the Tesla would not represent a substantial change to Appellant's financial affairs.

ORDER ON APPEAL
C17-1189-JCC
PAGE - 4

Appellant additionally argues that Judge Alston failed to consider evidence that his personal affairs had substantially changed since the dismissal of Case I. (Dkt. No. 7 at 12.) Appellant asserts that his personal affairs changed after the dismissal of Case I because Appellee filed a motion for contempt in state court. (*Id*.) Appellant's position is unavailing for two reasons. First, the record does not conclusively show that Judge Alston failed to consider if Appellant's personal affairs had changed. In discussing the statutory presumption, Judge Alston said "The *only change I perceive*, which was confirmed, is that the debtor is now willing to surrender a vehicle to help make a plan more feasible, but that's something he could have done in the prior case." (Dkt. No. 16 at 4) (emphasis added.) Second, the evidence did not suggest there was a substantial change to Appellant's personal affairs.

Appellant admits in his declaration that Appellee filed three motions for contempt in Superior Court during the pendency of Case I. (Dkt. No. 10-4 at 5.) In those motions, Appellee sought "monetary sanctions and to put [Appellant] in jail for not abiding with the Court order." (*Id*.) Yet, Appellant suggests that Appellee's most recent contempt motion—filed after Case I was dismissed and which sought similar relief as the first three—represented a "substantial change" to his personal affairs. (*Id*.) This evidence does not demonstrate a change to Appellant's personal affairs—it represents a continuation of the issues he faced during Case I.

Judge Alston did not err by applying the presumption under § 362(c)(3)(C)(i)(III) because the relevant evidence suggested Appellant's financial or personal affairs had not substantially changed since dismissal of his earlier case.

2. Rebuttal of the Presumption by Clear and Convincing Evidence

Having ruled that the statutory presumption applied, Judge Alston next concluded that Appellant failed to rebut the presumption that the case was not filed in good faith. (Dkt. No. 16 at 5.) The Judge stated "I find on this record that there are no financial changes that would warrant a finding that would rebut the presumption that the case was not filed in good faith." (*Id*.) Appellant argues that Judge Alston failed to consider evidence regarding why Case I was

dismissed and the likelihood Case II would be successful. (Dkt. No. 7 at 9.)

"Courts look to the totality of the circumstances to determine whether the debtor has established the good faith required by § 362(c)(3)." *In re Elliott-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006). Courts have developed several factors to determine whether a debtor filed a Chapter 13 case in good faith. *See In re Montoya*, 342 B.R. at 317. Relevant factors include: (1) the timing of the second petition; (2) how the debt(s) arose; (3) the debtor's motive in filing the second petition; (4) how the debtor's actions affected creditors; (5) why the debtor's prior case was dismissed; (6) the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to fund a plan; and (7) whether the trustee or creditors object to the motion to continue the stay. *In re Elliott-Cook*, 357 B.R. at 814–15.

The Court cannot conclude from its review of the record, and consideration of the above factors, that Appellant provided clear and convincing evidence that Case II was filed in good faith. In dismissing Case I, Judge Dore concluded that Appellant had unreasonably delayed filing objections to Appellee's claims. The Judge stated:

> [T]he latest plan is not feasible unless the debtor prevails on his challenge to the domestic support obligation status of Miss Smagina's and Delino Law's claims. Since resolution of these claims was critical to this case, it was incumbent upon the debtor to expeditiously bring those claims before the court for resolution. The debtor failed to do so.

(Dkt. No. 16 at 11–12.) Importantly, Judge Dore chose to dismiss the case rather than convert it to a Chapter 7 liquidation because "a dismissal will not result in the debtor receiving discharge and will permit creditors to exercise whatever state law rights available to them to collect whatever they are owed." (*Id*.)

After dismissal, Appellee attempted to collect her debt by filing a motion for contempt against Appellant in Superior Court. (Dkt. No. 10-4 at 2.) Appellant responded by filing Case II just 49 days after dismissal of Case I. (*Id*. at 1.) Appellant provided no evidence that he attempted to pay Appellee's claim during the brief period between dismissal and refiling. Taken together, the Court views Appellant's unreasonable delay during Case I, his failure to pay

1 Appellee's claim after dismissal, and decision to quickly refile and extend the stay, as indications
2 that Case II was not filed in good faith. This conclusion is additionally supported by Judge
3 Alston's determination that Appellant's financial position had not meaningfully changed from
4 the time Case I was dismissed. *See supra* Part II.B.1. While the U.S. Trustee did not object to
5 Appellant's motion to extend the stay, Appellee's objection is another factor that cuts against a
6 finding of good faith. (*See generally* Dkt. No. 9.)

Appellant argues that his conduct during Case II demonstrates his good faith. (Dkt. No. 7 at 11.) Appellant's plan was subsequently confirmed by Judge Alston and Appellant has been current on his payments to creditors. (*Id.*) Appellant's conduct during Case II, however laudable, is not relevant to Judge Alston's order denying the motion to extend the automatic stay. The only evidence Judge Alston could consider was what Appellant provided from the period between the dismissal of Case I and filing of Case II. It would be inappropriate, then, for this Court to consider events occurring after Judge Alston denied Appellant's motion to extend the stay.

For those reasons, the Court concludes Judge Alston did not err in denying Appellant's motion to extend the automatic stay.

### C. Order Denying Motion for Reconsideration

The Court must next decide whether Judge Alston abused his discretion when he denied Appellant's motion for reconsideration. Under the Local Civil Rules, motions for reconsideration are disfavored and are ordinarily denied absent a showing of manifest error or a showing of new facts or law that could not have previously been brought before the court with reasonable diligence. Local Civ. R. 7(h).

In denying Appellant's motion for reconsideration, Judge Alston cited to the correct standard under Local Civil Rule 7(h). (Dkt. No. 10-10 at 2.) The Judge concluded that Appellant provided no new facts or law to warrant reconsideration and that his order did not constitute manifest error. (*Id.*) The Court agrees.

Appellant's motion for reconsideration did not provide new facts or law to warrant

reconsideration, and instead made the same arguments contained in its motion to extend the automatic stay. (*Compare* Dkt. No. 10-4, *with* Dkt. No. 10-9.) Furthermore, Judge Alston's denial of Appellant's motion to extend the automatic stay did not represent manifest error. As the Court has discussed above, Judge Alston correctly applied the statutory presumption under § 362(c)(3)(C)(i)(III). *See supra*, Part II.B.1. Judge Alston also properly determined that Appellant had failed to rebut the presumption by clear and convincing evidence. *See supra*, Part II.B.2. In his order denying Appellant's motion for reconsideration, Judge Alston reiterated that Appellant had failed to rebut the applicable presumption. (Dkt. No. 10-10 at 2.)

Therefore, Judge Alston did not err by denying Appellant's motion for reconsideration.

## III. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's orders denying extension of automatic stay and denying motion for reconsideration are AFFIRMED.

DATED this 23rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE