THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>MARAT TIMURSHIN<br><br>Debtor. | CASE NO. C17-1189-JCC<br><br>Bankruptcy Case No: 17-12798<br><br>ORDER ON APPEAL |
| MARAT TIMURSHIN,<br><br>Appellant,<br><br>v.<br><br>NATALIA SMAGINA,<br><br>Appellee | |

This matter comes before the Court on Appellee's motion for attorney fees (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

In general, parties bear their own attorney fees. *See* Fed. R. Civ. P. 54(d)(2); *MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("Rule 54(d)(2) … gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of

a rule, statute, or contract authorizing such an award."). There exists no general right to recover attorney fees in the Bankruptcy Code. *Seyed Shahram Hosseini v. Key Bank N.A. (In re Seyed Shahram Hosseini)*, 504 B.R. 558, 568 (B.A.P. 9th Cir. 2014).

Here, Appellee grounds her request for attorney fees in Federal Rule of Bankruptcy Procedure 8021, which pertains to costs taxable in bankruptcy court. (Dkt. No. 19 at 1–2); Fed. R. Bankr. P. 8021(c). That provision does not apply to attorney fees, and Appellee does not request costs in her motion. (Dkt. No. 19.) Appellee also cites to Federal Rule of Civil Procedure 54, but that Rule does not provide a basis for attorney fees—it merely outlines the procedure for requesting such an award. (*Id.*); *see* Fed. R. Civ. P. 54.

For the foregoing reasons, Appellee's motion for attorney fees (Dkt. No. 19) is DENIED.

DATED this 22nd day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ON APPEAL
C17-1189-JCC
PAGE - 2